Mr. Justice Butler
delivered the opinion of the court.
The process or warrant to levy, is sufficiently described in the report of the presiding judge. It was issued by the authority of a legally organized court martial ; and though not verbally explicit, it •was sufficiently so to authorize the sheriff of Williamsburg to levy on the goods and chattels of the defendant, in execution, its only material departure from the precedent prescribed in the act of 1833, .is, that it was directed to the sheriff of one district, instead of “ all and .singular the- sheriffs of the State.” This is an irregularity, ■which does not render the execution void ; or in any wise exempt from liability, the sheriff to whom it was directed, for omitting to enforce the execution, [n the case of the Treasurers vs. Ford, 1 Nott and McCord, 236, it was decided that the sheriff being a ministerial officer, could not question the regularity of an execution ; nor could he be exempt from liability for not enforcing one that was irregular. Where an execution issues from a court without autho. rity to grant it, or it requires the sheriff- to arrest one, who, by law, is exempt from arrest, as if a justice were to grant an execution for $100, or a ca. sa. against a female, they would be void, and a she. riff would enforce them at his own peril. Bat it is unsafe, and not allowable for sheriffs to avail themselves of mere verbal irregularities. The sheriff had, in this case, sufficient authority, to make the money under the process directed to him. And what excuse does he give for not doing so ? The principal ground relied on is, that more than a year had elapsed from the time the execution was lodged, till defendant was called on by the rule to answer for not enforcing it; and that having lost its legal efficacy within that time, it was out of his power to make the money under it. The §2d section of the act of 1833, for the military organization of the State, is in the following words : “ The president of every court martial, imposing a fine, shall issue an execution./, fa. or ca sa, for the same, directed *195 to all and singular the sheriffs of the State, who shall execute and return the same to the court from which it issued, within foul' ■months, aud pay the amount collected to the proper paymaster, un-■dei the same penalties as are now imposed by law for not returning process issued by any court of this State.” By defendant’s own showing, the process was enforceable for four months, while in his possession; and is it not rather an aggravation of his contempt, than an excuse, that he permitted it to remain in his office so long without acting on it ? The officer, authorized to call on him, had every reason to believe that he had made the money ; and to require him to pay it over. Instead of paying over the money, he seeks to excuse himself for one omission of duty, by shewing another-; that is, he cannot make the money now, because he neglected to make it within the time required by the process, and when it could have been legally inforced. His shewing for exemption exposes his default, and subjects him to the rule granted by the presiding judge. The motion now made to revoke the circuit decision, is refused.
N. Mitchell, Defendant's Attorney.
T. G. Carr, Plaintiff's Attorney.
Filed 14th February, 1837.
A. P. BUTLER.
We concur,
RICHARD GANTT,
J. S RICHARDSON,
JOHN B. O’NEALL,
JOSIAH J. EVANS.